UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDIE LAYNE MEILLER,<br><br>        Plaintiff-Petitioner,<br><br>v.<br><br>THOMAS ANNSEL; JUDGE DARNELL C. JONES, II; JUDGE IDA K. CHEN; JUDGE SPIRO E. ANGELOS; JUDGE WILLIAM C. McCKREADRES; JUDGE PRICE; MASTER FERN BROWN CAPLIN; JUDGE LINDA CARTIZANO; IDAHO COUNTY PROSECUTORS; VALLEY COUNTY PROSECUTORS; ADAMS COUNTY PROSECUTORS; HEALTH & WELFARE BOISE; and C.P.S. BOISE,<br><br>        Defendants-Respondents. | Case No. 1:20-cv-00250-BLW<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Brandie Layne Meiller initially filed a petition for writ of habeas corpus. On June 29, 2020, the Court converted the habeas case into a civil rights action, under 42 U.S.C. § 1983, because (1) the petition did not appear to challenge any criminal conviction; (2) Petitioner did not appear to be in custody, thus depriving the Court of jurisdiction over any habeas corpus case, and (3) Petitioner's claims could fairly be read as civil rights claims. *See* Dkt. 5 at 3–4. The Court gave Petitioner 60 days to file a civil rights complaint.

INITIAL REVIEW ORDER - 1

Petitioner did not do so. Instead, Petitioner has filed an Amended Petition for Writ of Habeas Corpus. *See* Dkt. 9. This filing establishes that Petitioner does, indeed, intend to pursue habeas relief and that she does *not* intend to pursue § 1983 claims in this action. Thus, the Court will review the Amended Petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases ("Habeas Rules").[1] Having done so, the Court will dismiss the Amended Petition without prejudice.

1.  **Request for Appointment of Counsel**

Petitioner has requested appointment of counsel. *See* Dkt. 10. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

As explained below, it appears from the face of the Amended Petition that Petitioner is not entitled to relief. Therefore, Petitioner does not have a likelihood of

---

[1] It is unclear whether Petitioner intended the Amended Petition to be asserted under § 2241 or § 2254. As noted in the Court's previous Order, the Court has discretion to apply the Rules Governing Section 2254 Cases to habeas petitions filed under § 2241.

INITIAL REVIEW ORDER - 2

success on the merits of the claims in the Petition, and Petitioner's request for appointment of counsel will be denied.

2.     **Standard of Law for Review of Petition**

The federal habeas statute grants the federal courts jurisdiction to issue writs of habeas corpus if a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

3.     **Discussion**

The Amended Petition is subject to summary dismissal for several reasons. First, Petitioner does not identify the particular conviction (or pending criminal charge) subject to challenge. Instead, the Amended Petition states that "there are so many." Dkt. 9 at 1. However, a petitioner who challenges convictions or sentences stemming from the judgments of more than one court "must file a separate petition covering the judgment or judgments of each court." Habeas Rule 2(e).

Second, the Court lacks jurisdiction over the Amended Petition. The Court previously explained that Petitioner did not appear to be in custody at the time she filed the initial petition and that, as a result, the Court did not have jurisdiction over the petition. That is, Petitioner had not shown that she was confined in a jail or prison or that

she was on probation or parole. *See* Dkt. 5 at 3. Despite that explanation, Petitioner still has not established that she is in custody for purposes of 28 U.S.C. § 2241 or § 2254.

Third, to the extent the Amended Petition challenges Petitioner's convictions in Pennsylvania state or federal court, *see* Dkt. 9 at 11 (naming Pennsylvania judges as respondents), the Court also lacks jurisdiction. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by … the district courts … *within their respective jurisdictions*.") (emphasis added).

Fourth, there are no facts or claims asserted in the Amended Petition. Instead, the Amended Petition is a form that is almost entirely blank, with an instruction to "please see attached." Dkt. 9 at 1. The attachments to the Amended Petition are various documents that do not contain a statement of Petitioner's habeas claims. Thus, the Amended Petition does not comply with Habeas Rule 2(c), which requires that a petition:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Finally, Petitioner has not identified an appropriate respondent. Petitioner names as respondents Pennsylvania state or federal attorneys and judges, various county prosecutors in Idaho, the Idaho Department of Health and Welfare, and Child Protective Services. Even if Petitioner *is* in custody, none of these individuals or entities can possibly be Petitioner's custodian. *See* Habeas Rule 2(a) (stating that the proper respondent in a habeas corpus action under 28 U.S.C. § 2254 is the "state officer who has

INITIAL REVIEW ORDER - 4

custody" of the petitioner); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) ("Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.").

For the foregoing reasons, the Court must dismiss the Amended Petition.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 7) is GRANTED.

2. Petitioner's request for appointment of counsel (Dkt. 10) is DENIED.

3. The Amended Petition for Writ of Habeas Corpus (Dkt. 9) is DISMISSED without prejudice.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, Petitioner must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: October 9, 2020

B. Lynn Winmill
U.S. District Court Judge